**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, A DIVISION OF THE RAIL CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,** Mezzanine - Standard Building 1370 Ontario Street Cleveland, Ohio 44113-1702, | * * * * * * * * * |
| | * **Case No.** |
| **Plaintiff,** | * |
| v. | * **Judge** |
| | * |
| **NATIONAL MEDIATION BOARD** 1301 K Street NW Washington, DC 20572, | * * * * |
| | * |
| **Defendant,** | * * |
| **UNION PACIFIC RAILROAD COMPANY** 1400 Douglas Street Omaha, NE 68179, | * * * * |
| **Rule 19 Defendant.** | * * |
| | * |

**COMPLAINT**

1.      In this Complaint, Plaintiff Brotherhood of Locomotive Engineers and Trainmen,

a Division of the Rail Conference of the International Brotherhood of Teamsters, ("BLET") seeks

declaratory and injunctive relief requiring Defendant National Mediation Board ("NMB" or

"Board") to reinstate Special Board of Adjustment Number 180 ("SBA 180"), an SBA created by

BLET and Rule 19 Defendant Union Pacific Railroad Company ("UP" or "Union Pacific") and

to permit SBA 180 to hear the cases that were pending on its docket when the Board illegally

terminated funding for and closed the SBA on August 18, 2005.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action pursuant to Sections 1331 and 1337 of the Judicial Code, 28 U.S.C. §§1331, 1337, and 28 U.S.C. §1361, which establishes original jurisdiction in this Court for any action in the nature of mandamus against a federal agency. Venue is proper because the defendant NMB has its headquarters in this judicial district.

## RELIEF

3.      Plaintiff's request for declaratory, injunctive and other relief is authorized by 28 U.S.C. §§ 2201-2202.

## FACTUAL ALLEGATIONS

4.      Plaintiff BLET is an unincorporated labor organization with headquarters at Cleveland, Ohio.  It is the exclusive collective bargaining representative for, *inter alia*, employees of Union Pacific in the craft or class of locomotive engineers.  BLET is a "representative" of these employees within the meaning of Section 1, Sixth of the Railway Labor Act ("RLA"), 45 U.S.C. §151, Sixth.  UP is a "carrier" as defined by Section 1, First of the RLA. 45 U.S.C. §151, First.  BLET and UP are party to numerous collective bargaining agreements that govern the terms and conditions of employment of UP's locomotive engineers.

5.      Defendant NMB is a federal agency created by Congress to administer certain provisions of the RLA, 45 U.S.C. §151, et seq.  Its headquarters is located at 1301 K Street, NW, Suite 250E, Washington, DC 20572.

6.      UP is named as a defendant pursuant to Fed. R. Civ. P. 19 because it has an interest relating to the subject of this action and is so situated that the disposition of the action in UP's absence may impair or impede its ability to protect that interest.

7.      Section 3, Second of the RLA provides, in relevant part, as follows:

If written request is made upon any individual carrier by the representative of any craft or class of employees of such carrier for the establishment of a special board of adjustment to resolve disputes otherwise referable to the [National Railroad] Adjustment Board....or if any carrier makes such a request upon any such representative, the carrier or the representative upon whom such request is made shall join in an agreement establishing such a board within thirty days from the date such request is made. The cases which may be considered by such board shall be defined in the agreement establishing it. Such board shall consist of one person designated by the carrier and one person designated by the representative of the employees.... Each member of the board shall be compensated by the party he is to represent. The members of the board so designated shall determine all matters not previously agreed upon by the carrier and the representative of the employees with respect to the establishment and jurisdiction of the board.... If with respect to any dispute or group of disputes the members of the board designated by the carrier and the representative are unable to agree upon an award disposing of the dispute or group of disputes they shall by mutual agreement select a neutral person to be a member of the board for the consideration and disposition of such dispute or group of disputes. In the event the members of the board designated by the parties are unable, within ten days after their failure to agree upon an award, to agree upon the selection of such neutral person, either member of the board may request the Mediation Board to appoint such neutral person and upon receipt of such request the Mediation Board shall promptly make such appointment. The neutral person so selected or appointed shall be compensated and reimbursed for expenses by the Mediation Board. Any two members of the board shall be competent to render an award. Such awards shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day named....

45 U.S.C. § 153, Second.

8.      SBA 180 is a special board of adjustment established by BLET and Union Pacific pursuant to Section 3, Second of the RLA.  SBA 180 was established for the purpose of resolving disputes arising under the various collective bargaining agreements governing employment of employees in the craft or class of locomotive engineers on Union Pacific's Western Lines.

9.      D.W. Hannah, General Chairman of the BLET General Committee of Adjustment

for the UP Western Lines is the designated Employee Member of SBA 180; UP Director of

Labor Relations F.A. Tamisiea is the designated Carrier Member of SBA 180.

10.    On or about April 18, 2005, BLET and UP notified the NMB that they had agreed

to refer 36 cases to SBA 180.  On or about April 20, 2005, the NMB denied the request to add

the 36 cases to the SBA 180 docket.  The Board also demanded to know the status of some of the

77 cases that were then pending before SBA 180.

11.    By letter dated April 27, 2005, BLET responded to the NMB's inquiry.  In its

letter, BLET told the NMB that an agreement had been reached with UP to settle certain

outstanding disputes that would resolve some of the cases pending before SBA 180.  BLET also

noted that BLET and UP had set up a schedule to meet and resolve most of the cases that the

NMB had inquired about, that a conflict in schedules had made a meeting in May impossible, but

that BLET and UP intended to meet in June or July and again in September regarding those

cases.  Additionally, BLET's letter notified the NMB that BLET and UP had agreed to withdraw

from SBA 180, without prejudice to BLET's position, a total of 33 cases, which cases were listed

in an attachment to the letter.

12.    On or about August 8, 2005, BLET General Chairman Hannah received, by

facsimile, a letter from the NMB.  That letter stated that NMB would cease funding for and close

SBA 180 by close of business August 17 if the parties did not immediately withdraw or decide

seven specific cases then pending before SBA 180.  Although the letter was addressed to both the

BLET and UP partisan members of SBA 180, the NMB faxed it only to Hannah, the Employee

Member of the SBA.

13.    Hannah provided a copy of the NMB's letter to Tamisiea, the Carrier Member of

SBA 180.  Hannah and Tamisea then responded jointly to the NMB by letter dated August 11, 2005.  They told the NMB that SBA 180 was "an active continuing board" and that the partisan members of SBA 180 were working hard to resolve the cases identified by the NMB, as well as other cases then pending before SBA 180, either by withdrawal or through a hearing and decision pursuant to the RLA's requirements.  On behalf of BLET and UP respectively, Hannah and Tamisiea specifically asked that SBA 180 "not be closed."

14.     Notwithstanding the response from BLET and UP, by letter dated August 18, 2005, the NMB informed them that it had terminated funding for SBA 180 and closed SBA 180.

15.     Section 3, Second of the RLA permits only carriers and unions to establish and assign cases to an SBA and to determine an SBA's jurisdiction.

16.     The NMB has no authority to close an SBA that has been properly established by agreement of the parties pursuant to the requirements of the RLA.

17.     SBA 180 was properly established pursuant to Section 3, Second of the RLA.

18.     By terminating funding for and closing SBA 180, the NMB redefined the jurisdictional scope of SBA 180 over the objection of the parties.

19.     By terminating funding for and closing SBA 180, the NMB denied the parties their statutory right to determine which cases would be presented to and resolved by SBA 180.

20.     The NMB acted outside of its statutory authority when it terminated funding for and closed SBA 180.

21.     The NMB acted arbitrarily and capriciously, abused its discretion, and otherwise violated the law when it terminated funding for and closed SBA 180, thereby violating the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

22.    The NMB's actions in terminating funding for and closing SBA 180 violated Section 3, Second of the RLA, 45 U.S.C. § 153, Second.

23.    The NMB's actions constitute a gross violation of the RLA.

WHEREFORE, Plaintiff BLET requests that the Court:

1.    Declare that the NMB violated Section 3, Second of the RLA when it terminated funding for and closed SBA 180;

2.    Issue an injunction requiring the NMB to reinstate SBA 180 and its funding so that SBA180 may hear and resolve the cases that were pending on its docket as of August 18, 2005; and

3.    Grant such other and further relief as it may deem warranted in the circumstances.

Respectfully submitted,

_____
Michael S. Wolly (DC Bar Number 225482)
Margo Pave (DC Bar Number 461219)
ZWERDLING, PAUL, KAHN & WOLLY, P.C.
1025 Connecticut Ave. NW  Suite 712
Washington, D.C.  20036
PHONE: (202) 857-5000
FAX: (202) 223-8417
E-MAIL: mwolly@zwerdling.com
mpave@zwerdling.com

OF COUNSEL:

Harold A. Ross, Interim Legal Coordinator
Brotherhood of Locomotive Engineers and Trainmen
1370 Ontario Street Mezzanine
Cleveland, OH 44113-1702
PHONE: (440) 734-3754
FAX: (440) 734-3754
E-MAIL: haross1@aol.com

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brotherhood of Locomotive Engineers and Trainmen, a Division of the Rail Conference of the International Brotherhood of Teamsters | National Mediation Board<br>Union Pacific Railroad Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael S. Wolly and Margo Pave, Zwerdling, Paul, Kahn and Wolly, P.C., 1025 Connecticut Ave., NW, Ste. 712, Washington, D.C. 20005, (202) 857-5000 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**       OR       ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ⊙ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☒ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

45 U.S.C. Sec. 151 et. seq. - violation of the Railway Labor Act by the National Mediation Board.

| VII. **REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ ⌐ Unspecified ⌐<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

| VIII. **RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE **August 6, 2007**    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.